USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,           :     07 Cr. 378-03 (SHS)

    -against-                            :     OPINION & ORDER

EDY HERNANDEZ-UBERIA,             :

            Defendant.      :
----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    Petitioner Edy Hernandez-Uberia files this *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## I. BACKGROUND

    Petitioner was charged with, and pled guilty to, conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. On May 29, 2008, this Court sentenced petitioner principally to forty-eight months in prison; petitioner did not file an appeal from that sentence.

    Hernandez-Uberia subsequently filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claims that (1) he did not understand his guilty plea and therefore his plea was not knowing and voluntary; (2) his counsel was ineffective for failure to file a notice of appeal; (3) his counsel was ineffective for failure to make certain arguments at sentencing; and (4) he was denied the benefits of the so-called United States Sentencing Guidelines ("Guidelines") "safety valve." For the reasons set forth below, this motion is denied.

## II. DISCUSSION

    A.    <u>Hernandez-Uberia's Plea Was Knowing and Voluntary</u>

1

Petitioner claims that he did not understand the terms of his guilty plea. However, at his plea allocution, Hernandez-Uberia stated under oath that he had read and understood the plea agreement he had entered into with the government and had discussed it with his attorney. (Tr. of Plea Allocution dated Jan. 17, 2008 at 14). He acknowledged that his plea was voluntary (*id.* at 18:23-25) and not the result of any side agreements, inducements, or threats (*id.* at 14-15). He also acknowledged that the sentence that would be imposed on him might vary from what anyone had told him it would be or from what he himself might have expected (*id.* at 13:4-22). Furthermore, petitioner stated that he understood that he had waived his right to appeal or to collaterally attack the sentence if it was within or below the Guidelines range of 120 months to which he had stipulated in his plea agreement. (*Id.* at 15:1-6; *see also* Plea Agreement dated Jan. 16, 2008 at 3, Ex. A to Govt.'s Mem. in Resp. to Edy Hernandez-Uberia's Mot.)

Hernandez-Uberia's allegations in this petition directly contradict his earlier statements made under oath. He has presented no substantiation other than his own bald, unsworn assertions to overturn his sworn statements made at his plea allocution. "The district court is entitled to accept a defendant's statements under oath at a plea allocution as true." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). Accordingly, this Court concludes, as it did at the January 2008 allocution, that petitioner's guilty plea was knowing and voluntary.

B. <u>Counsel Was Not Ineffective for Failure to File a Notice of Appeal</u>

Hernandez-Uberia alleges that his counsel was ineffective on the ground that he asked counsel to file a notice of appeal but counsel failed to do so. To establish a claim for ineffective assistance of counsel, a defendant must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*,

2

466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009). Under the first prong, a defendant must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See Strickland*, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 688-89). To satisfy the second prong, the defendant must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Courts will presume prejudice when counsel fails to file a notice of appeal and submit an *Anders* brief requesting withdrawal but referring to anything in the record that might support an appeal, *Campusano v. United States*, 442 F.3d 770, 774 (2d Cir. 2006), even after a defendant waives the right to appeal, *id.* at 771-72 (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).

However, in this case there is a factual question as to whether petitioner instructed his attorney to file a notice of appeal. The attorney who represented Hernandez-Uberia at his plea and sentencing—an experienced defense attorney—submitted an affidavit to this Court on this motion stating specifically that Hernandez-Uberia "never informed me he wanted me to file a Notice of Appeal" and that "[i]f defendant had done so I would have filed that Notice of Appeal for him." (B. Alan Seidler Aff. ¶ 4, Ex. D to Govt.'s Mem. in Resp. to Edy Hernandez-Uberia's Mot.) Counsel's statement thus contradicts Hernandez-Uberia's allegations. Counsel went on to state that "[p]rior to sentencing defendant never informed me he considered the possibility of filing a Notice of Appeal after sentencing" (*id.* ¶ 5) and that he "never informed me he wanted permission to appeal in forma pauperis" (*id.* ¶ 4).

"When a defendant claims that his attorney failed to file a requested notice of appeal," the district court is obligated to hold a hearing pursuant to section 2255 "to determine whether the client requested the appeal." *Campusano*, 442 F.3d at 776. There is, however, no requirement that this hearing take the form of a full testimonial hearing, especially when counsel has submitted a detailed affidavit. *See Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (interpreting 18 U.S.C. § 2255, which provides that a "court may entertain and determine such motion without requiring the production of the prisoner at the hearing"); *see also Campusano*, 442 F.3d at 776 (citing *Chang* for the proposition that a "district court has discretion to determine if a testimonial hearing will be conducted"). This Court accepts counsel's affidavit over petitioner's bare assertions and concludes on the basis of this expanded record that the taking of live testimony is not necessary to evaluate petitioner's claims. *See Chang*, 250 F.3d at 85. Because this Court finds that petitioner did not in fact request counsel to file a notice of appeal, the claim that counsel was ineffective for failure to file a notice of appeal is denied.

C. Counsel Was Not Ineffective for Failure to Make Certain Arguments at Sentencing

Petitioner also alleges that his attorney failed to argue at sentencing for (1) a role reduction and (2) a reduction based on his status as an alien.

### 1. *Role Reduction*

Petitioner claims that because he was merely a drug courier and not an organizer or leader of the drug conspiracy, he should have received a minimal or minor role reduction pursuant to Guidelines § 3B1.2. However, the fact that he was a courier does not by itself entitle him to a role adjustment. *See United States v. Garcia*, 920 F.2d 153, 154-55 (2d Cir. 1990). Counsel's failure to argue for a role reduction specifically pursuant to section 3B1.2 therefore was neither objectively unreasonable, *Strickland*, 466 U.S. at 688, nor prejudicial, *id.* at 694.

4

Regardless, at the sentencing hearing counsel repeatedly and thoroughly raised the issue of Hernandez-Uberia's role in comparison to other members of the conspiracy (Tr. of Sentencing Hearing dated May 29, 2008 at 7-8, 10-11), and this Court discussed petitioner's role at great length with counsel (*id.*). Because this Court found that petitioner was not entitled to a downward role adjustment and counsel in fact argued at sentencing that petitioner had played a minor role, counsel was not ineffective for failing to argue for a role reduction.

### 2. *Petitioner's Status as an Alien*

Petitioner alleges that his attorney failed to argue for a sentence reduction based on the fact that he faced deportation to the Dominican Republic at the conclusion of his prison term. However, the fact that petitioner is an alien who faces deportation is not a ground by itself for shortening his sentence. *See United States v. Restrepo*, 999 F.2d 640, 647 (2d Cir. 1993); *Tsang v. United States*, 1997 WL 630182 (S.D.N.Y. Oct. 9, 1997).

In addition, counsel's strategic decision to emphasize other arguments for a reduction in sentencing—such as Hernandez-Uberia's helpful proffer of information to authorities—was not only reasonable under *Strickland*, 466 U.S. at 490, but also successful. This Court specifically considered petitioner's assistance to the government in imposing a sentence well below the Guidelines range of seventy to eighty-seven months. (Tr. of Sentencing Hearing at 21.) Because counsel's failure to make a particular argument about petitioner's status as a deportable alien was neither deficient nor prejudicial, the request for relief is denied. *Strickland*, 466 U.S. at 687.

### D. Hernandez-Uberia Received Safety Valve Relief

Petitioner alleges that he was denied the safety valve for which he was eligible. This claim is not supported by the record. The record shows that petitioner did receive the benefit of the safety valve pursuant to Guidelines § 5C1.2. (Tr. of Sentencing Hearing at 4, 6, 19, 21.)

Because petitioner met the five criteria for the safety valve, this Court sentenced petitioner below the statutory minimum sentence. (*Id.* at 19, 21.) The sentence of forty-eight months' imprisonment is a significant reduction from the bottom of the Guidelines range of seventy to eighty-seven months and from the statutory minimum sentence of 120 months. Moreover, petitioner knowingly and voluntarily waived his right to appeal or collaterally attack the sentence if this Court sentenced him within or below the stipulated Guidelines range of 120 months. (Tr. of Plea Allocution at 15:1-6.)

### III. CONCLUSION

Because petitioner's guilty plea was knowing and voluntary, his counsel was not ineffective, and he benefited from the safety valve, Hernandez-Uberia's section 2255 motion is dismissed.

Dated: New York, New York
      May 11, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

6